# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEWART M. ARTIS,

      Petitioner,

v.                                   No. 25-cv-365 SMD/GJF

SECOND JUDICIAL DISTRICT COURT, *et al.*,

      Respondents.

## <u>ORDER OF VOLUNTARY DISMISSAL</u>

      This matter comes before the Court on Petitioner's Notice of Withdrawal of All Documents, (Doc. 11), filed January 8, 2026.  Petitioner is incarcerated and proceeding *pro se*. He challenges his pretrial detention and proceedings in a state criminal case.  *See* (Doc. 8) (Amended Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241).  In his Notice, Petitioner states he has "decided not to go forward with this Petition," and asks the Court to not review any of the documents filed in this case because he elects to proceed with a civil rights case that is opened under a different case number.  (Doc. 11) at 1.

      Rule 41(a) provides, in relevant part, that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  Respondents have not yet filed an answer or a motion for summary judgment and, therefore, Petitioner "has an absolute right to dismiss without prejudice and no action is required on the part of the court."  *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).  Indeed, a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i) is "self-executing, *i.e.*, it is effective at the moment the notice is filed with the

clerk and no judicial approval is required." *Id.* (quoting *Marex Titanic, Inc. v. The Wrecked &amp; Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993)).   Accordingly, in light of the relief sought by Petitioner, the Court liberally construes Petitioner's Notice of Withdrawal of All Documents as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).   *See id.* (affirming the construction of a *pro se* letter requesting that a case be dismissed without prejudice as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)).   The Court denies Petitioner's pending motions (Docs. 2, 3, 7, and 9) as moot

To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41).

**IT IS THEREFORE ORDERED** that Petitioner's Amended Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 8**) is voluntarily **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); all pending motions (**Docs. 2, 3, 7, and 9**) are **DENED as moot**; a certificate of appealability is **DENIED**; and the Court will enter a separate Judgment disposing of this civil habeas case.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE